**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**CLARENCE WATKINS, et al.,**

                    **Plaintiff,**                    **MEMORANDUM AND ORDER**

          **-against-**                              08-CV-1361 (ERK)

**CHANG & SON ENTERPRISE INC., et al.,**

                    **Defendant.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      The Court is in receipt of plaintiff's 10/15/08 motion for a compulsion order, i.e., Docket Entry ("D.E.") #12, and defendant's response thereto. See D.E. #14. For the reasons that follow, plaintiff's motion is denied.

      Plaintiff claims that defendant Chang has "significantly" changed his account of the accident and that therefore "a reasonable inference has been raised that Chang has perjured himself." D.E. #12 at 2. Plaintiff asserts that, for that reason, "any protections normally afforded to materials produced for litigation should not be protected here," and that plaintiff is thus entitled to "records of any conversations, accident reports or correspondence between Chang and any adjusters, the broker[,] insurer and even defense counsel[']s office." Id.

      Defendants oppose plaintiff's request. They deny that Chang's statements contain material discrepancies, and object "to that portion of the Plaintiff's letter which seems to serve as a demand for various records generated by our office, Commerce Insurance and insurance brokers relative to conversations had with our client pertaining to the manner in which the underlying accident transpired." D.E. #14 at 1.

      As an initial matter, plaintiff fails to provide the Court with copies of the allegedly

inconsistent and perjurious statements, nor does he cite any authority to support his contention that the protections of the attorney-client and work product privileges are forfeited whenever a party or witness in any way modifies his testimony. Plaintiff thus has not established his entitlement to the records at issue on this motion.

Moreover, although plaintiff implies that he previously requested the production of those records, see D.E. #12 at 2, he fails to attach his demands to the pending application. Defendants' response implies that the only written demand for the records is that contained in plaintiff's letter-motion of October 15, 2008. See D.E. #14 at 1. If, as it appears from the record, plaintiff served no prior written demand for production of the records at issue, his recent letter-request is denied as untimely, as it was not served at least thirty days in advance of the November 10th fact discovery deadline. See, e.g., Jones v. Hirschfeld, No. 01 Civ. 7585(PKL), 2003 WL 21415323, at *4 n.13 (S.D.N.Y. June 19, 2003) (collecting cases); Gavenda v. Orleans County, 182 F.R.D. 17, 20 (W.D.N.Y. 1997) ("Allowing document demands to be served at the very end of the discovery period would impermissibly extend the discovery period" set by the court).

For the foregoing reasons, plaintiff's motion for a compulsion order is denied.

    **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
            **October 21, 2008**

                                  **ROANNE L. MANN**
                                  **UNITED STATES MAGISTRATE JUDGE**